UNITED STATES of America, Plaintiff–Appellee,

v.

Jose Jorge GONZALEZ–ACOSTA, Defendant–Appellant.

No. 05–40052

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 7, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM: *

Jose Jorge Gonzalez–Acosta appeals his guilty-plea conviction and sentence for illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b). Gonzalez–Acosta argues that, in light of *United States v. Booker*, — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court plainly erred in sentencing him under a mandatory guidelines system.

We review for plain error. *See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 732 (5th Cir.2005), *cert. denied,* —— U.S. ——, —— S.Ct. ——, —— L.Ed.2d ——, 2005 WL 1811485 (2005) (No. 05–5556); *see also United States v. Malveaux,* 411 F.3d 558, 560 n. 9 (5th Cir.2005), *cert. denied* —— U.S. ——, —— S.Ct. ——, —— L.Ed.2d ——, 2005 WL 1670813 (July 11, 2005) (No. 05–5297). After *Booker,* it is clear that application of the federal sentencing guidelines in their mandatory form constitutes error that is plain. *Valenzuela–Quevedo,* 407 F.3d at 733–34. However, nothing in the record indicates that the plain error affected Gonzalez–Acosta's substantial rights. *See id.*

Gonzalez–Acosta argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Gonzalez–Acosta acknowledges that his argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he wishes to preserve the issue for Supreme Court review in light of *Apprendi. Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). Thus, we must follow *Almendarez–Torres* unless the Supreme Court overrules it. *Dabeit,* 231 F.3d at 984.

**AFFIRMED.**

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.